# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERMIONE KELLY IVY WINTER, formerly known as David Allen Allemandi, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : Civ. No. 17-1322-LPS <br> : |
| MARC RICHMAN, et al., | : <br> : |
| Defendants. | : |
| HERMIONE KELLY IVY WINTER, formerly known as David Allen Allemandi, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : Civ. No. 17-1432-LPS <br> : |
| DR. P. MUNOZ, et al., | : <br> : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this 16th day of May, 2018,

Plaintiff Hermine Kelly Ivy Winter ("Plaintiff") has filed numerous lawsuits. Many of them contain identical or similar allegations against the same Defendants. The cases include Civ. Nos. 16-890-LPS, 17-1322-LPS, 17-1432-LPS, and 18-351-LPS. In the filings, Plaintiff raises religious diet claims, medical needs claims that include hormone replacement therapy, failure to protect claims, grievance claims, and sexual harassment claims, all in alleged violation of her civil rights pursuant to 42 U.S.C. § 1983. In all cases, Plaintiff proceeds *pro se* and has been granted *in forma pauperis* status. The Court has reviewed the complaints in these cases and will consolidate cases and issues to more effectively manage Plaintiff's actions.

1

The complaints in the two-above captioned cases involve the same or similar allegations against many of the same defendants, including medical needs/hormone replacement therapy claims, failure to protect claims, and sexual harassment claims. (*See* Civ. No. 17-1322-LPS at D.I. 3; Civ. No. 17-1432-LPS at D.I. 24)

Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involv[e] a common question of law or fact ... to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). "District courts have the inherent authority to order consolidation *sua sponte*." *Plimpton v. Cooper*, 141 F. Supp. 2d 573, 575 (W.D. N.C. 2001) (citing *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444 (4th Cir. 1999)). Both complaints concern common questions of law and fact with regard to Plaintiff's medical needs/hormone replacement therapy claims, failure to protect claims, and sexual harassment claims. All other remaining claims raised will be dismissed as they are raised in other actions filed by Plaintiff.

IT IS THEREFORE ORDERED that:

1. Civil Action Nos. 17-1322-LPS and 17-1432-LPS are **CONSOLIDATED** for all purposes.

2. The caption of the Consolidated Action is as follows:

---

HERMIONE KELLY IVY WINTER,      :
                                :
           Plaintiff,           :
                                : **CONSOLIDATED**
    v.                          : Civ. No. 17-1322-LPS
                                :
MARC RICHMAN, et al.,           :
                                :
           Defendants.          :

---

3. The complaint filed in Civil Action No. 17-1322-LPS at D.I. 3 and the amended complaint filed in Civil Action No. 17-1432-LPS at D.I. 24, together, will stand as the complaint in this Consolidated Action insofar as they raise medical needs/hormone replacement therapy claims, failure to protect claims, and sexual harassment claims. All other remaining claims raised are DISMISSED as they are raised in other actions filed by Plaintiff.

4. All documents previously filed to date in the cases consolidated herein are deemed filed and are part of the record in the Consolidated Action.

5. Hereafter, court pleadings and documents shall be filed **only** in Consolidated Civil Action No. 17-1322-LPS. The Court will not accept pleadings filed in Civil Action No. 17-1432-LPS.

IT IS FURTHER ORDERED that:

1. Plaintiff's motions to consolidate cases (Civ. No. 17-1322-LPS at D.I. 10, 17) are GRANTED to the extent that Civ. No. 17-1322-LPS and Civ. No. 17-1432-LPS are consolidated, and are otherwise DENIED.

2. Plaintiff's motion for an extension of time to comply with the Court's February 5, 2018 Order (Civ. No. 17-1322-LPS at D.I. 16) is DENIED without prejudice to renew if necessary upon lifting of the stay.

3. Plaintiff's motion for an extension of time to file an amended complaint (Civ. No. 17-1432-LPS at D.I. 20) is DENIED as moot.

4. Plaintiff's motions to lower the fee percentage or stay the case (Civ. No. 17-1322-LPS at D.I. 18; Civ. No. 17-1432-LPS at D.I. 27) are DENIED. Plaintiff filed these cases and she is required by 28 U.S.C. § 1914 and § 1915 to pay the filing fee owed, as set forth in the statute's calculation of filing fee payments.

5. Plaintiff's motions to add defendants, construed as motions to amend (Civ. No. 17-1322-LPS at D.I. 26 and Civ. No. 17-1432-LPS at D.I. 38), are DENIED as moot. As set forth below, Plaintiff has been given leave to file an amended complaint in this consolidated case.

6. Plaintiff's motions for default judgment (Civ. No. 17-1322-LPS at D.I. 27 and Civ. No. 17-1432-LPS at D.I. 34) are DENIED as premature. Entry of default judgment is a two-step process. *See* Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Here, there has been no entry of default.

7. Plaintiff's motions for "deprivmation of character" (Civ. No. 17-1322-LPS at D.I. 28 and Civ. No. 17-1432-LPS at D.I. 58) are DENIED. Plaintiff complains that she receives no medical treatment despite her diagnosis and grievances submitted. She takes exception to the denial of her grievance. An inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

8. Plaintiff's motion for discovery (Civ. No. 17-1432-LPS at D.I. 39) is DENIED as premature.

IT FINALLY ORDERED THAT:

1. Plaintiff's requests for counsel (Civ. No. 17-1432-LPS at D.I. 23, 26) are GRANTED.

2. The Clerk of Court is directed to attempt to refer representation of Plaintiff to a

member of the Federal Civil Panel.

3. The Court's standing order and its amendments regarding the establishment of a Federal Civil Panel to provide legal representation to indigent parties in certain civil litigation is incorporated herein by reference.

4. The consolidated matter is STAYED pending the attempt to refer representation of the Plaintiff to a member of the Federal Civil Panel.

5. Upon representation of Plaintiff by a member of the Federal Civil Panel, Plaintiff is given leave to file an amended complaint in this consolidated case that contains all medical needs/hormone replacement therapy claims, failure to protect claims, and sexual harassment claims, and contains all Defendants against whom the claims are raised, in one pleading. The Court will strike any other newly-added claims. The amended complaint will be screened pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(A) and a service order entered, should the amended complaint contain cognizable claims.

                                                                HONORABLE LEONARD P. STARK
                                                                UNITED STATES DISTRICT JUDGE