**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HERMIONE KELLY IVY WINTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | **CONSOLIDATED** |
| v. | : | C.A. No. 17-1322-LPS |
| | : | |
| MARC RICHMAN, et al., | : | |
| | : | |
| Defendants. | : | |

Paul J. Lockwood and Stefania A. Rosca, Wilmington, Delaware

     Attorneys for Plaintiff


George T. Lees III, State of Delaware Department of Justice, Wilmington, Delaware

     Attorney for Defendants Warden Dana Metzger, Kelly Embert, Ramon Taylor, and Marc
     Richman


**<u>MEMORANDUM OPINION</u>**


November 25, 2020
Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court is the motion to dismiss filed by Defendants Warden Dana
Metzger, Kelly Embert, Ramon Taylor, and Marc Richman ("Defendants").  (D.I. 62)[1]  The
motion is directed to all claims in Plaintiff Hermione Kelly Ivy Winter's ("Plaintiff") Amended
Complaint.  (D.I. 53)  Also pending is Plaintiff's counsel's motion to withdraw.  (D.I. 81)

In her Amended Complaint, Plaintiff attempts to state the following claims: (1) denial of
hormone replacement therapy ("HRT") is cruel and unusual punishment, in violation of her
rights under the Eighth Amendment to the United States Constitution, a claim alleged against all
Defendants and pursued under 42 U.S.C. § 1983; (2) denial of HRT is cruel punishment, a claim
alleged against all Defendants in violation of her rights under Article I Section 11 of the
Delaware Constitution; (3) denial of HRT is retaliation against Plaintiff for filing grievances and
court claims in violation of the United States Constitution, a claim alleged against Defendants
Taylor and Richman and pursued under 42 U.S.C. § 1983; (4) denial of HRT is retaliation
against Plaintiff for filing grievances and court claims in violation of Article I Sections 9 and 16
of the Delaware Constitution, a claim alleged against Defendants Taylor and Richman; (5) denial
of equal protection based on her transgender status in violation of the Equal Protection Clause of
the Fourteenth Amendment to the United States Constitution, a claim alleged against all
Defendants and pursued under 42 U.S.C. § 1983; (6) failure to protect in violation of the Eighth
Amendment to the United States Constitution, a claim alleged against Defendants Metzger,
Embert, and Taylor and pursued under 42 U.S.C. § 1983; and (7) failure to protect in violation of

---

[1] The Amended Complaint names other defendants.  The Court's summary of the claims
and discussions throughout are focused on the Defendants who filed the pending motion to
dismiss.

Article I Section 11 of the Delaware Constitution, a claim alleged against Defendants Metzger and Embert. (*Id.*)

Defendants have moved to dismiss the Amended Complaint as against them on multiple grounds. They contend that all claims should be dismissed due to Plaintiff's failure to exhaust administrative remedies and based on qualified immunity. They further contend that many of Plaintiff's allegations should be dismissed due to application of the statute of limitations. Additionally, the state law claims contained in Counts II and VII must be dismissed, according to Defendants, because Delaware law does not recognize a private right of action to enforce the provisions on which Plaintiff relies.

Plaintiff has filed numerous other civil actions in this Court. (*See generally* D.I. 62 at 4) ("Since beginning her incarceration in 2014, Winter has filed ten (10) actions asserting various claims arising out of her confinement.") (internal footnote omitted) Plaintiff's cases have generated a substantial number of rulings, including on what appear to be many of the claims Plaintiff seeks to press in this action and many of the defenses that are the subject of the motion to dismiss. (*See, e.g.,* C.A. No. 16-890 D.I. 46 (Mar. 26, 2018 opinion addressing deliberate indifference to medical needs claims); *id.* D.I. 113 (Dec. 16, 2019 order addressing failure to exhaust administrative remedies); C.A. No. 17-1280 D.I. 149 (Nov. 25, 2019 order addressing failure to exhaust administrative remedies))

**State Law Claims**

The Court will grant Defendants' motion as to the state law claims, Counts II and VII.[2]

---

[2] On reply, Defendants also cite Count VI, but this appears to be an error, as Count VI is not a state law claim. (*See* D.I. 72 at 6-8)

The state law claims are based on Article I Section 11 of the Delaware Constitution.  This provision prohibits infliction of cruel punishments and requires that in the construction of jails a proper regard shall be had for the health of prisoners; it forms the basis for Plaintiff's cruel-punishment and failure-to-protect claims (Counts II and VII).  Del. Const. art. I, § 11.  The Delaware state courts have not recognized a private right of action under this Delaware Constitution provision and this Court predicts that they would not do so were the instant case pending in state court.[3]

Delaware law on whether a private right of action exists under a different provision of the State's Constitution, Article I Section 6, is instructive.  In these analogous circumstances, the Delaware Superior Court declined to create a new cause of action for excessive force under Article I Section 6.  In *Schueller v. Cordrey*, 2017 WL 568344, at *2 (Del. Super. Ct. Feb. 13, 2017), the Court rejected an invitation to recognize such a private right of action based on these factors: (i) the plaintiff had alternative remedies available to him through a common law tort action for battery or gross negligence, both of which allowed the plaintiff the opportunity to recover damages for the unlawful or excessive use of force, and the plaintiff had brought such common law tort claims against the defendants; (ii) unlike in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), there is no state statute similar to section 1983 of the federal Civil Rights Act, which defines the scope and limits of the requested new cause of action; (iii) creating a new cause of action under Article I Section 6, which does not

---

[3] The same issue arose before Judge Connolly of this Court, but the argument was not adequately developed and, thus, was deemed waived. *See Cooke v. Phelps*, 2019 WL 6307769, at *3 (D. Del. Nov. 25, 2019).  There was no discussion of whether a private right of action exists in *Dickens v. Desrosiers*, 2018 WL 3491690, at *3-4 (D. Del. July 20, 2018), a case in which a motion to dismiss a cruel and unusual punishment claim was denied, where it appears the same claim may have referenced both the U.S. and Delaware Constitutions.

mention excessive force or the requirements for bringing such a cause of action, could impose

huge financial burdens on municipal, local, and state government entities by opening them up to

lawsuits for damages which lack defined boundaries; and (iv) the Court believed the Delaware

Legislature was the entity best suited to create a new cause of action, if it wished to do so. *See*

*Schueller*, 2017 WL 568344, at *2 & n.4 (citing *Jones v. City of Philadelphia*, 890 A.2d 1188

(Pa. Commw. Ct. 2006), as "highly persuasive authority," and resolving identical legal issue in

same fashion by not recognizing new cause of action for excessive force claim under

Pennsylvania Constitution).

Application of the *Schueller* analysis leads to the same conclusion here. Plaintiff has

alternative remedies available to her under the Eighth Amendment, and she has brought claims

under that provision. "[U]nlike *Bivens*, there is no state statute similar to section 1983 of the

Civil Rights Act that already exists to define the scope of this new cause of action and its limits."

*Schueller*, 2017 WL 568344, at *2. Creating a new cause of action under Article I Section 11,

which does not set forth any "requirements for bringing such a cause of action, could impose

huge financial burdens on municipal, local, and state government entities by opening them up to

lawsuits for damages which lack defined boundaries." *Id.* Finally, "the Court believes the

Delaware State Legislature is the entity best suited to create a new cause of action in this

instance." *Id.*

For these reasons, the Court predicts that the Delaware state courts would decline to find

a private right of action with respect to Article I Section 11. Thus, the Court thus will dismiss

the two state law counts.[4]

---

[4] Plaintiff argues in opposition that the Court can exercise supplemental jurisdiction over
the state law claims. (D.I. 69 at 8) But supplemental jurisdiction is not available where, as here,
the state law claim does not exist.

**Exhaustion**

Defendants seek dismissal of all claims against them for failure to exhaust administrative remedies. (*See* D.I. 62 at 11-15) The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Although "[f]ailure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff," *Paladino v. Newsome,* 885 F.3d 203, 207 (3d Cir. 2018) (internal quotation marks omitted); *see also Abu-Jamal v. Kerestes,* 779 F. App'x 893, 898 n.6 (3d Cir. 2019) ("Such failure to exhaust is an affirmative defense for which the defendant bears the burden of proof."), here the Court has already addressed failure to exhaust on multiple prior occasions (as noted above). Copies of all grievances filed by Plaintiff have been produced to her in other actions (*see* D.I. 62 at 5) and the Court has made determinations with respect to exhaustion in those other actions.

As Defendants point out:

> This case is unique in that it is the third case in less than a year where the issue of exhaustion of administrative remedies has been raised involving Winter. Twice the Court has found that Winter did not exhaust her administrative remedies and dismissed Winter's claims. Defendants['] motion relies upon the grievances which were turned over to Winter in compliance with this Court's order and were docketed of record with this Court. Those records are the totality of Winter's grievances and responses from 2016 until October 2019 and include all of the grievances relevant to the issue of Winter's failure to exhaust her administrative remedies in this case.

(D.I. 72 at 2) The Court cannot, and will not, ignore these prior determinations. Instead, it will provide the parties an opportunity for exhaustion-related discovery (if any is needed) and an

opportunity to file an appropriate motion to have the Court resolve, as soon as practicable, the exhaustion issue. All of this will occur before the Court entertains a request to proceed to merits-related discovery.

While the Court may not be able to take judicial notice of the truth of the contents of a filing from a related action, *see RP Healthcare, Inc. v. Pfizer, Inc.*, 2017 WL 4330358, at *3 (D.N.J. Sept. 29, 2017), nor does it seem reasonable, in the circumstances presented here, for the Court to ignore what it knows and determined from the multiple other cases. It appears that Plaintiff has copies of all of her grievances and the Court has previously determined that she has failed to exhaust administrative remedies. Doctrines including res judicata, collateral estoppel, and law of the case may have application here. In the Court's view, before this case proceeds much further, it is most appropriate to address these issues first.

Defendants propose that if the Court "believes that further evidence supporting the argument of the failure of Plaintiff to exhaust her administrative remedies prior to filing suit is required," the Court should "allow[] limited discovery followed by an evidentiary hearing," if needed. (D.I. 62 at 12 n.10) Plaintiff appears to agree that the Court can proceed in this manner. (*See* D.I. 69 at 20) ("[T]his Court should at least allow the parties the opportunity for full discovery of exhaustion of administrative remedies before deciding the issue.")

Accordingly, Plaintiff is hereby given notice that it appears to the Court that it should determine whether Plaintiff has exhausted her administrative remedies with respect to any or all claims still remaining in this case against any Defendant (***not*** limited just to the Defendants who have filed the pending motion to dismiss) ***before*** any further actions take place in this suit. Both sides will be provided an opportunity to be heard, including an opportunity to take limited discovery and submit an appropriate motion and briefing (followed, if necessary, by an

evidentiary hearing), before the Court makes a determination on exhaustion. The parties will be required to provide a proposal for how the Court should proceed with respect to the exhaustion issue.

**Qualified Immunity**

Defendants seek to dismiss all counts based on the defense of qualified immunity. Generally, "a plaintiff has no pleading burden to anticipate or overcome a qualified immunity defense, and a mere absence of detailed factual allegations supporting a plaintiff's claim for relief under § 1983 does not warrant dismissal of the complaint or establish defendants' immunity." *Thomas v. Indep. Twp.*, 463 F.3d 285, 289 (3d Cir. 2006). Plaintiff need only plead her constitutional causes of action and "has no obligation to plead a violation of clearly established law in order to avoid dismissal on qualified immunity grounds." *Id.* at 293.

To overcome qualified immunity, a plaintiff must at the appropriate time "show[] (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Mammaro v. N.J. Div. of Child Prot. & Permanency*, 814 F.3d 164, 168-69 (3d Cir. 2016) (internal quotations marks omitted). A right is "clearly established" when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *see also In re City of Phila. Litig.*, 49 F.3d 945, 961 (3d Cir. 1995).

The Court agrees with Defendants that Plaintiff has failed to address step two of the qualified immunity test: whether the constitutional right at issue was clearly established at the time of the purported misconduct. (*See* D.I. 72 at 8; *see also* D.I. 62 at 9; *Biddle v. Parker*, 2015 WL 5190694, at *2 (D. Del. Sept. 4, 2015) ("Qualified immunity shields government officials from damages for civil liability unless the official violated a statutory or constitutional right that

7

was clearly established at the time of the challenged conduct.") (internal quotation marks

omitted)) For example, Plaintiff fails to explain (or even address) how Defendants could be

found to have violated a clearly established right to HRT when the Court has already determined

that Defendants were entitled to rely on the non-HRT medical treatment being provided by

medical professionals, particularly given that Defendants are not themselves medical

professionals. (*See, e.g.*, D.I. 72 at 8) Even assuming Plaintiff has adequately stated claims of

violations of her rights, she is also going to have to show that the rights that were violated were

clearly established at the pertinent times, in order to overcome Defendants' qualified immunity

defense.[5]

Notwithstanding the lack of a pleading burden on qualified immunity (*see* D.I. 69 at 9),

as Plaintiff recognizes "the Court may order Plaintiff to supplement her pleadings or may order

discovery" on the issue of qualified immunity (*id.*). *See also Thomas*, 463 F.3d at 289 ("[T]he

district court has the discretion to demand more specific factual allegations in order to protect the

substance of the qualified immunity defense and avoid subjecting government officials who may

be immune to needless discovery and the other burdens of litigation."). In this case, the Court

has concluded that it should resolve the qualified immunity defense before this case moves into

merits-related discovery.

The parties will be required to provide a proposal for how the Court should proceed with

respect to qualified immunity.

---

[5] As Defendants write: "This Court has already recognized that as of March 2018, the
medical providers at JTVCC have not recommended HRT for Winter. The Defendants, none of
whom are doctors or licensed to practice medicine[,] are entitled to rely upon the medical advice
of the medical providers that HRT is not warranted or recommended." (D.I. 62 at 7)

8

**Statute of Limitations**

It is undisputed that Plaintiff filed this action on September 18, 2017; that a two-year statute of limitations applies, *see* 10 *Del. C.* § 8119; and that the Amended Complaint contains allegations of events that occurred before September 18, 2015 (*see, e.g.*, D.I. 53 ¶¶ 3-7, 49-78). According to Defendants, therefore, "all actions and conduct which occurred prior to September 18, 2015 [are] time barred and Defendants are entitled to an Order dismissing all claims which arise out of conduct which predates September 18, 2015." (D.I. 62 at 6) They identify specific claims which they contend arise out of conduct which is time-barred. (*See* D.I. 72 at 6)

It may be that Plaintiff is only relying on pre-2015 events as background. (*See* D.I. 69 at 7) To the extent she is contending that actions from that earlier timeframe provide a basis for relief, she will have to overcome the statute of limitations defense, something she has not yet done. Before the Court considers moving this case to merits-related discovery, it will first determine which (if any) claims are barred by the statute of limitations.

The parties will be provided an opportunity to propose how the Court should proceed before resolving the statute of limitations issues.

**Withdrawal Motion**

The Court will grant Plaintiff's counsel's motion to withdraw. (D.I. 81) Neither Plaintiff nor Defendants object to Ms. Rosca's request to withdraw. (*See generally* D.I. 83, 85) As to Mr. Lockwood, the Court is persuaded that withdrawal is appropriate under Model Rule of Professional Conduct ("MRPC") 1.16(b). *See also* D. Del. LR 83.6(d) (adopting the MRPC). The movants have represented to the Court that "continued representation of Plaintiff . . . in a manner consistent with their obligations under the Model Rules is not possible." (D.I. 81 at 2) Further, "withdrawal can be accomplished without material adverse effect on the interests of the

client," as no discovery requests or responses are pending, no depositions have been scheduled, no trial date has been set, and no motions remain pending.  MRPC r. 1.16(b).  For these reasons, withdrawal is appropriate as to both Ms. Rosca and Mr. Lockwood.

The Court's decision is without prejudice to Plaintiff moving for the appointment of new counsel.  Should such a motion be made, the Court will evaluate it in light of the applicable standards.

**Conclusion**

For the reasons stated above, the Court will dismiss the state law claims (Counts II and VII).  With respect to all other claims, the Court will deny the motion without prejudice to renew.  Such renewal of a motion to dismiss or for summary judgment or any other appropriate motion may follow after completion of any discovery and other proceedings that may be ordered with respect to Defendants' failure to exhaust, qualified immunity, and statute of limitations defenses, all of which Plaintiff will have to overcome before this case proceeds to merits-related discovery.  An appropriate Order follows.